MATTER OF FERRANTE

In Visa Petition Proceedings

A—12164106

*Decided by Board March 31, 1967*

Where beneficiary's section 245 adjustment of status granted in 1961 upon approval of his first United States citizen wife's visa petition to accord him nonquota status was rescinded in 1964 because the marriage was not bona fide, having been entered into solely to obtain nonquota status, he comes within the provisions of section 204(c) of the Act, as amended; hence, the order of the District Director revoking approval of a subsequent visa petition (1966) to accord beneficiary immediate relative status on the basis of his present marriage to a United States citizen is approved.

ON BEHALF OF PETITIONER:
Henry C. Lavine, Esquire
1013 Williamson Building
Cleveland, Ohio 44114
(Oral argument)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

Thomas M. Pederson
District Director
(Brief filed)

The case comes forward on appeal from the order of the District Director, Cleveland District, dated November 18, 1966 revoking the approval of the visa petition approved on September 13, 1966 under the provisions of section 204(c) of the Immigration and Nationality Act (8 U.S.C. 1154(c)) as more fully set forth in an accompanying order dated November 15, 1966.

The petitioner, a native of Italy, a citizen of the United States by naturalization on August 20, 1965, filed a visa petition seeking immediate relative status on behalf of the beneficiary as her spouse. The visa petition was approved on September 13, 1966. It is now alleged that the approval of the visa petition was erroneous for the reason which will be more fully set forth below.

The record shows that the beneficiary entered the United States on August 22, 1960 and was admitted as a temporary visitor for pleasure. He married Ruth E. Moore, a United States citizen, on February 22, 1961. She filed a visa petition for nonquota status on behalf of the

beneficiary which was approved on May 17, 1961 and an application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, was approved on November 7, 1961. The beneficiary divorced Ruth Moore on June 1, 1962. Ruth Moore's prior marriages had been terminated by divorce on June 13, 1947 and on September 6, 1957. Evidence was presented that the beneficiary's wife, Ruth, lived with one Charles C. Lowe since January or February 1961 and that this relationship continued at the time the case was before us on June 26, 1964 in an appeal from the order of the special inquiry officer dated March 13, 1964 ordering the adjustment of status of the beneficiary on the basis of his marriage to Ruth Moore be rescinded. In our order of June 26, 1964, we reviewed all the evidence fully, stated that a determination as to the date of the commencement of the common law relationship of Ruth Moore and Charles Lowe was not pertinent to the case, concluded that the marriage entered into by the beneficiary was not a bona fide marriage but was entered into solely to obtain nonquota status for the beneficiary and must be deemed invalid for immigration purposes, rescinded the adjustment of status and dismissed the appeal from the order of the special inquiry officer.

Deportation proceedings were instituted against the respondent-beneficiary and he was found deportable under section 241(a)(2) (8 U.S.C. 1251(a)(2)) as a visitor for pleasure who had remained longer. The special inquiry officer granted him the discretionary relief of voluntary departure in lieu of deportation with the automatic order of deportation in the event he failed to depart voluntarily as directed. The special inquiry officer held he lacked authority to reconsider the decision of the Board of Immigration Appeals in the rescission proceedings, which could only be done upon motion to the Board to reopen or reconsider such prceedings.

On appeal, this Board found no basis to reconsider the rescission proceedings and dismissed the appeal from the order of the special inquiry officer. However, the Board agreed that there was a preponderance of evidence that a common law marriage existed between Ruth and one Charles Lowe at the time the beneficiary married Ruth Lowe; and under the circumstances the Board stated for the record that there was no fraud in the inception on the part of the beneficiary when he allegedly married a United States citizen because that marriage was void ab initio.

Counsel has seized upon this language to argue that the beneficiary is not barred by the provisions of section 204(c) of the Immigration and Nationality Act which provides that no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a United States citizen or the spouse of an alien

167

lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. He argues that this finding of no fraud in the inception on the part of the beneficiary when he married his previous wife overcomes our previous finding.

We do not agree. When we previously considered this case on June 26, 1964 in connection with an appeal from the order of rescission under section 246 of the Immigration and Nationality Act, we found that the prior marriage entered into by the respondent-beneficiary was not a bona fide marriage but was entered into solely to obtain nonquota status for the respondent-beneficiary and must be deemed invalid for immigration purposes.

In our order of May 19, 1965 in deportation proceedings, we stated that regardless of whether the respondent-beneficiary's marriage to a United States citizen was void ab initio because of an existing common law marriage of his citizen wife or whether it was not a bona fide marriage because entered into solely for the purpose of obtaining nonquota status for the respondent-beneficiary, the fact remained that in either event the respondent-beneficiary was not entitled to nonquota status based upon his marriage to a citizen of the United States. We found the deportation order supported by substantial and credible evidence. In our order dated June 26, 1964 in rescission proceedings, we concluded that a determination as to the commencement of the common law relationship was not pertinent to the case. The reason for this statement was that we found that the respondent-beneficiary's prior marriage to a United States citizen spouse was contracted solely to facilitate his admission to the United States and did not entitle him to the issuance of the nonquota visa. Where no bona fide husband-wife relationship was intended by the marriage, the marriage is deemed invalid for immigration purposes regardless of whether it would be considered valid under the domestic law of the jurisdiction where performed. *Matter of M—*, 8 I. & N. Dec. 217.

The thrust of the finding of a sham and invalid marriage is that despite the marriage ceremony, the parties did not intend to consider themselves as husband and wife and that where no bona fide husband and wife relationship is created, it does not entitle the alien to the issuance of a nonquota visa.[1] The immigration law, which grants advantages to those who marry a United States citizen, refers not to taking of steps which enable a couple to live together in a marital relationship but to the marital relationship itself, an actual joining

---

[1] *Lutwak* v. *United States*, 344 U.S. 604; *Giannoulias* v. *Landon*, 226 F. 2d 356 (9th Cir. 1955) ; *United States* v. *Rubenstein*, 151 F. 2d 915 (2nd Cir. 1945), cert. den. 326 U.S. 766.

together as husband and wife.[2] We have found that even in a case of a marriage in name only which is not bona fide, such a marriage is invalid for immigration purposes. We are unable to follow counsel's reasoning that a marriage which is void because of a prior existing marriage but which was entered into for the same purpose of evading the immigration laws and where no bona fide husband and wife relationship ever existed, or was ever intended, stands in any better position. Approval of the visa petition was properly revoked because of the bar of section 204(c) of the Immigration and Nationality Act (8 U.S.C. 1154(c)). The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] *Johl v. United States*, 370 F. 2d 174 (9th Cir. 1966).